# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ENCOMPASS POWER SERVICES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2759 |
| | § | |
| ENGINEERING & CONSTRUCTION COMPANY, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This action to compel arbitration is before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Doc. # 11] filed by Defendant Engineering & Construction Company, Inc. ("ECCO"), to which Plaintiff Encompass Power Services, Inc. f/k/a EDG Power Group, Inc. ("EDG") filed its Response addressing the personal jurisdiction issue [Doc. # 13] and a separate Response addressing the improper venue issue [Doc. # 21]. The Court has carefully reviewed the full record in this case, as well as the relevant legal authorities. Based on this review, the Court concludes that the Motion to Dismiss should be **denied**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In 2001, EDG and Defendant Valero Refining Company ("Valero") entered into a "Work Agreement" for the construction and installation of Valero's co-generation facility at a refinery in California. EDG subcontracted out certain electrical work,

including the termination of a relay panel that it subcontracted to ECCO.  In June 2002, prior to the completion of the project, there were two power outages and a resulting fire at the Valero refinery.  Valero claims that the outages and the fire were caused by defective work by ECCO and others to the relay panel.

Pursuant to the terms of the Work Agreement, Valero and EDG submitted their dispute to arbitration in Houston.  *See* Work Agreement, Exh. A to Plaintiff's Response, ¶ 38.  EDG moved to join ECCO, against whom EDG asserted a claim for indemnity and contribution alleging that ECCO was responsible for any defective work on the relay panel.  The arbitration panel granted EDG's motion.  *See* Procedural Order No. 12, Exh. 4 to ECCO's Motion to Dismiss.  ECCO objected to jurisdiction and moved for the withdrawal of Procedural Order No. 12.   The arbitration panel overruled ECCO's objections and ordered ECCO to remain a party to the arbitration. *See* Procedural Order No. 13, Exh. G to Plaintiff's Memorandum.  The arbitration panel interpreted Paragraph 11.4 of the subcontract between EDG and ECCO ("Subcontract") as requiring ECCO to join the Houston arbitration.  *Id.* at 2.

EDG filed this lawsuit in state court on June 29, 2005, seeking to compel ECCO to participate in the arbitration in Houston.  ECCO removed the case to this Court and also filed its own lawsuit in the United States District Court for the Eastern District of

California seeking a declaration that ECCO is not a proper party to the Texas arbitration.  ECCO moved to dismiss this case, and the motion is ripe for decision.[1]

## II.   ANALYSIS

ECCO argues that this Court does not have personal jurisdiction and that, as a result, the case should be dismissed.  "An agreement to arbitrate is [a legal arrangement] by which a litigant may impliedly consent to personal jurisdiction." *Painewebber Inc. v. The Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 461 (5th Cir. 2001).  By agreeing to arbitrate in a particular state, the litigant impliedly consents to the jurisdiction of the courts in that state because that state's courts have jurisdiction to compel arbitration in that state.  *Id.* (citing *Victory Transport Inc. v. Comisaria General de Abastecimientos y Transportes*, 336 F.2d 354, 363 (2nd Cir. 1964)).  EDG, as the plaintiff, bears the burden of presenting *prima facie* evidence that this Court has personal jurisdiction over ECCO.  *See Kelly v. Syria Shell Petroleum Devel. B.V.*, 213 F.3d 841, 854 (5th Cir.), *cert. denied*, 531 U.S. 979 (2000).

---

[1]   The Local Rules for the Southern District of Texas provide that the submission date for a motion is twenty days after a motion is filed.  LR 7.3.  This Court's procedures, however, provide that a "motion may be considered prior to the expiration of the full 20 days" under appropriate circumstances.  Court Procedures, ¶ 6.A.4.  The Court's procedures also provide that any reply should be filed within three days after the response to the motion is filed.  Because EDG filed its response on August 26, 2005, because the arbitration is currently ongoing, and because the initial pretrial conference is imminent, the Court finds that it is appropriate in this case to decide ECCO's Motion to Dismiss prior to the expiration of the full twenty days after the Motion to Dismiss was filed.

"Arbitration is 'a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'"  *Id.* at 462 (quoting *United Steelworkers of Amer. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). Therefore, the Court must first determine whether the parties entered into a valid agreement to arbitrate their dispute.[2]  *See Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004).   "Although there is a strong federal policy favoring arbitration, this federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties."  *Will-Drill Resources, Inc. v. Samson Resources Co.*, 352 F.3d 211, 214 (5th Cir. 2003) (internal quotations and citations omitted).  In deciding whether the parties entered into a valid agreement to arbitrate, the Court applies general contract principles.  *Id.*

In this case, there is a dispute between the Contractor (EDG) and the Subcontractor (ECCO) for indemnity and contribution in connection with the claim by Valero against EDG for damages caused by the power outages and fire at the Valero refinery.  The Subcontract between EDG and ECCO provides that where, as here, there is a dispute between EDG and ECCO that involves a related dispute between the Contractor and the Owner (Valero), the dispute between the Contractor and the

---

[2]      Where, as here, the challenge relates specifically to the arbitration provision in the contract, the issue of the existence of an agreement to arbitrate is for the Court rather than the arbitrators to decide.  *See Banc One*, 367 F.3d at 430; *Will-Drill*, 352 F.3d at 215.

Subcontractor will be "decided by the same tribunal and in the same forum as disputes between the Contractor and the Owner."  *See* Subcontract, ¶ 11.4.  The tribunal and forum chosen by EDG and Valero for the resolution of their disputes is arbitration in Houston, Texas.  *See* Work Agreement, ¶ 38.  Although ECCO struck through language in paragraph 11.5 of the Subcontract relating to arbitration of unresolved disputes solely between EDG and ECCO,[3] the operative language in paragraph 11.4 remained unchanged.  EDG has presented *prima facie* evidence that ECCO agreed to arbitrate their dispute together with the Houston arbitration between EDG and Valero.  Consequently, ECCO's agreement to arbitrate in Houston constitutes implied consent to this Court's personal jurisdiction.[4]

ECCO also argues that venue in this district is improper under 28 U.S.C. § 1391.  This case was removed from the District Court of Harris County, Texas.  Venue in a removed case is governed not by 28 U.S.C. § 1391, but by the removal statute, 28 U.S.C. § 1441.  *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953); *see*

---

[3]     For purposes of the Motion to Dismiss, the Court assumes without finding that the strike-through was effective to remove this language from the Subcontract.

[4]     Through paragraph 11.4 of the Subcontract, ECCO agreed to submit certain disputes to arbitration in the forum selected by EDG and Valero.  EDG and Valero in the Work Agreement chose Houston as that forum.  Therefore, ECCO was not impliedly consenting to personal jurisdiction in some unspecified court, but only to the courts in Texas.  *Cf. Painewebber*, 260 F.3d at 464 (Swiss corporation did not "impliedly consent to the jurisdiction of the Southern District of Texas by entering into an arbitration agreement that does not even mention an arbitral forum much less designate a geographic location more specific than the entire United States of America").

*also Houston Reports, Inc. v. LRP Publications, Inc.*, 85 F. Supp. 2d 663, 667 n.1 (S.D. Tex. 1999).  Pursuant to § 1441(a), cases are removed "to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Because Harris County, Texas, is located in the Houston Division of the United States District Court for the Southern District of Texas, venue in this district is proper pursuant to 28 U.S.C. § 1441(a).  ECCO's motion to dismiss on the basis of improper venue is denied.

### III.   <u>CONCLUSION AND ORDER</u>

ECCO entered into a Subcontract with EDG in which it agreed to join its dispute with EDG with any related disputes between EDG and Valero, and for the consolidated disputes to be resolved in a Houston arbitration as chosen by EDG and Valero.  ECCO contractually agreed to join its dispute with EDG with the Houston arbitration between EDG and Valero, and that agreement to arbitrate provides a basis for this Court to exercise personal jurisdiction over ECCO for purposes of this action to compel arbitration.   Venue in this district is proper pursuant to 28 U.S.C. § 1441(a).  Accordingly, it is hereby

**ORDERED** that ECCO's Motion to Dismiss [Doc. # 11] is **DENIED**.

SIGNED at Houston, Texas, this **1st** day of **September, 2005**.

Nancy F. Atlas
United States District Judge