# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ENCOMPASS POWER SERVICES, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-2759 |
| ENGINEERING & CONSTRUCTION COMPANY, INC., *et al.*, Defendants. | § § § § | |

## MEMORANDUM AND ORDER

This action to compel arbitration is before the Court on the Motion to Compel Arbitration [Doc. # 12] filed by Plaintiff Encompass Power Services, Inc. f/k/a EDG Power Group, Inc. ("EDG") and the Motion to Change Venue [Doc. # 28] filed by Defendant Engineering & Construction Company, Inc. ("ECCO"). The Court has carefully reviewed the full record in this case, as well as the relevant legal authorities. Based on this review, the Court concludes that the Motion to Compel Arbitration should be **denied** and the Motion to Change Venue should be **denied as moot**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The background of this case was set forth fully in the Court's Memorandum and Order entered September 1, 2005 ("September 1 Opinion") [Doc. # 23], and will not be repeated here. Briefly, EDG and Defendant Valero Refining Company ("Valero")

entered into a "Work Agreement" for the construction and installation of Valero's co-generation facility at a refinery in California.

EDG subcontracted out certain electrical work to ECCO. The Subcontract between EDG and ECCO provides that any dispute between EDG and ECCO that involves a related dispute between EDG and Valero would be "decided by the same tribunal and in the same forum as disputes between [EDG] and [Valero]." *See* Subcontract, ¶ 11.4. In the Work Agreement, EDG and Valero selected arbitration in Houston, Texas as the tribunal and forum for the resolution of their disputes. *See* Work Agreement, Exh. A to Plaintiff's Response, ¶ 38.

A dispute arose between Valero and EDG, and that dispute was submitted to arbitration in Houston in accordance with the Work Agreement. EDG asserted a claim for indemnity and contribution against ECCO and moved to join ECCO in the Houston arbitration.

EDG filed this lawsuit in state court on June 29, 2005, seeking to compel ECCO to participate in the arbitration in Houston. ECCO removed the case to this Court, and moved to dismiss the case for lack of personal jurisdiction. The Court denied ECCO's motion for the reasons stated in the September 1 Opinion.

At an initial pretrial conference on September 2, 2005, the Court advised that it would treat EDG's Memorandum in Support of its Petition to Compel Arbitration [Doc.

# 12] as a Motion to Compel Arbitration and ordered ECCO to file its opposition by September 9, 2005. *See* Hearing Minutes and Order [Doc. # 26]. ECCO filed its opposition and, alternatively, moved to transfer this case to the Eastern District of California. These pending motions have been fully briefed and are now ripe for decision.

## II. ANALYSIS

"Arbitration is 'a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Painewebber Inc. v. The Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 462 (5th Cir. 2001) (quoting *United Steelworkers of Amer. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). Therefore, the Court must first determine whether there is a valid agreement between the parties to arbitrate their dispute. *See Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004). "Although there is a strong federal policy favoring arbitration, this federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." *Will-Drill Resources, Inc. v. Samson Resources Co.*, 352 F.3d 211, 214 (5th Cir. 2003) (internal quotations and citations omitted). In deciding whether the parties entered into a valid agreement to arbitrate, the Court applies general contract principles. *Id.*

As the Court noted in its September 1 Opinion, EDG and ECCO agreed through paragraph 11.4 of the Subcontract to submit certain disputes to the tribunal selected by EDG and Valero in the Work Agreement, which was arbitration. The forum for that arbitration was Houston, Texas based on the Work Agreement between EDG and Valero. Therefore, the Work Agreement provides the basis for requiring ECCO to submit to arbitration in Houston.

In May 2003, EDG and Valero entered into a Settlement Agreement and Release ("Settlement Agreement") and sought approval from the United States Bankruptcy Court for the Southern District of Texas in EDG's Chapter 11 bankruptcy proceeding. Bankruptcy Court approval was granted on May 21, 2003. In the Settlement Agreement, EDG assigned to Valero

> any and all of EDG's and/or Encompass's claims, actions or causes of action, and to the extent necessary, any and all rights or benefits of defense, it may have against or with respect to any and all third parties (including, without limitation, claims it may have against any and all of the EDG Subcontractors) arising out of the services rendered and/or the materials delivered in connection with and/or related to the Work Agreement and/or the Project.

Settlement Agreement, Exh. A to ECCO's Supplemental Response [Doc. # 25], ¶ 5. Consequently, in its Settlement Agreement EDG unambiguously assigned to Valero all its claims against its subcontractors, including those claims it now seeks to arbitrate with ECCO.

Moreover, the parties in the Settlement Agreement acknowledged and agreed "that the Work Agreement is hereby fully and finally rejected . . .." *Id.*, ¶ 9. Having rejected the Work Agreement, there no longer exists an agreement between Valero and EDG to arbitrate their disputes in Houston. Absent an agreement specifying arbitration in Houston as the tribunal and forum for the resolution of disputes between EDG and Valero, ECCO in the Subcontract did not "impliedly consent to the jurisdiction of the Southern District of Texas by entering into an arbitration agreement that does not even mention an arbitral forum much less designate a geographic location more specific than the entire United States of America." *See Painewebber*, 260 F.3d at 464.

The Court concludes that ECCO is no longer a party to a valid agreement to arbitrate in Houston its dispute with EDG, a dispute which EDG appears to have assigned to Valero. This Court cannot compel ECCO to participate in the arbitration in Houston and EDG's Motion to Compel Arbitration will be denied.

### III. CONCLUSION AND ORDER

ECCO entered into a Subcontract with EDG in which it agreed to join its disputes with EDG in the same tribunal and forum as related disputes between EDG and Valero. Therefore, the Work Agreement that provides the basis for a Houston arbitration between EDG and Valero also provides the basis for ECCO's obligation to participate in that Houston arbitration. The Work Agreement, however, has been "fully

and finally rejected" by EDG and Valero. Therefore, there is no longer a valid agreement between ECCO and EDG for arbitration in Houston, and it is hereby

**ORDERED** that EDG's Motion to Compel Arbitration [Doc. # 12] is **DENIED**. It is further

**ORDERED** that ECCO's Motion to Change Venue [Doc. # 28] is **DENIED AS MOOT**.

The Court will issue a separate Final Order.

SIGNED this **30th** day of **September, 2005**.

_____
Nancy F. Atlas
United States District Judge