IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENCOMPASS POWER SERVICES, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-2759 |
| ENGINEERING & CONSTRUCTION COMPANY, INC., *et al.*, | § § § | |
| Defendants. | § | |

# **MEMORANDUM AND ORDER**

This action to compel arbitration is before the Court on the Motion to Alter and Amend the Judgment and for Reconsideration [Doc. # 33] filed by Defendant Valero Refining Company[1] ("Valero") and the Motion for Reconsideration and to Alter or Amend Judgment [Doc. # 35] filed by Plaintiff Encompass Power Services, Inc. f/k/a EDG Power Group, Inc. ("EDG"). Defendant Engineering & Construction Company, Inc. ("ECCO") has filed its Response [Doc. # 40] in opposition to the pending motions, and Valero has filed a Reply [Doc. # 42]. The Court has carefully reviewed the full record in this case, as well as the relevant legal authorities. Based on this review, the Court concludes that EDG's Motion should be **granted** and the Court's Memorandum

---

[1] Defendant Valero never moved to compel arbitration, but seeks reconsideration of the Court's prior ruling denying Plaintiff's Motion to Compel Arbitration.

and Order [Doc. # 31] and Final Judgment [Doc. # 32] entered September 30, 2005 should be **vacated**. Because the Court's September 30 Opinion did not address any motion filed by Valero, and because EDG's Motion will be granted, Valero's Motion will be **denied as moot**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The background of this case was set forth fully in the Court's Memorandum and Order entered September 1, 2005 ("September 1 Opinion") [Doc. # 23]. Additional factual and procedural background was set forth in the Court's Memorandum and Order entered September 30, 2005. Briefly, EDG and Defendant Valero Refining Company ("Valero") entered into a "Work Agreement" for the construction and installation of Valero's co-generation facility at a refinery in California.

EDG subcontracted certain electrical work to ECCO. The Subcontract between EDG and ECCO provides that any dispute between EDG and ECCO that involves a related dispute between EDG and Valero would be "decided by the same tribunal and in the same forum as disputes between [EDG] and [Valero]." *See* Subcontract, ¶ 11.4. In the Work Agreement, EDG and Valero selected arbitration in Houston, Texas as the tribunal and forum for the resolution of their disputes. *See* Work Agreement, Exh. A to Plaintiff's Response, ¶ 38.

A dispute arose between Valero and EDG, and that dispute was submitted to arbitration in Houston in accordance with the Work Agreement. EDG asserted a claim for indemnity and contribution against ECCO and moved to join ECCO in the Houston arbitration.

The Court denied EDG's Motion to Compel Arbitration, finding that the Work Agreement had been rejected in connection with EDG's bankruptcy proceeding. The Court also found that EDG in a Settlement Agreement filed in the bankruptcy proceeding had assigned its claims to Valero. EDG seeks reconsideration of the Court's ruling pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and its request is ripe for decision.

## II.   ANALYSIS

A Rule 59(e) motion is a motion that "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Rule 59(e) is properly invoked "to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989)).

"Arbitration is 'a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *PaineWebber Inc. v. The Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 462 (5th Cir. 2001)

(quoting *United Steelworkers of Amer. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). Therefore, the Court must first determine whether there is a valid agreement between the parties to arbitrate their dispute. *See Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004).

In this case, the Court previously held that the Work Agreement, which provided the basis for requiring ECCO to submit to arbitration in Houston, was "rejected" by EDG in a May 2003 Settlement Agreement and Release in EDG's Chapter 11 bankruptcy proceeding.[2] The Court held that, having rejected the Work Agreement, there was no longer an agreement between Valero and EDG to arbitrate their disputes in Houston and, absent an agreement specifying arbitration in Houston as the tribunal and forum for the resolution of disputes between EDG and Valero, there was no basis for requiring ECCO to participate in the arbitration in Houston.

EDG in its Motion notes that the term "reject" in the Settlement Agreement was used only in the bankruptcy context and means that the contract is breached, not terminated, citing 11 U.S.C. § 365(c). In that context, "rejection" does not terminate the Work Agreement. *See Matter of Continental Airlines*, 981 F.2d 1450, 1459 (5th Cir. 1993) (noting that § 365(g) "does not invalidate the contract, or treat the contract

---

[2] The Settlement Agreement provides in paragraph 9 that "the Work Agreement is hereby fully and finally rejected . . .."

as if it did not exist"). Therefore, the Court's prior ruling that the rejection of the the Work Agreement in the Settlement Agreement terminated the contract was in error. The Work Agreement continues to exist as an agreement between Valero and EDG to arbitrate their dispute in Houston, and it provides the tribunal and venue for arbitration of disputes between EDG and ECCO under the Subcontract. Indeed, though not dispositive, the Court notes that EDG and Valero have continued to perform pursuant to the arbitration provision in the Work Agreement and are currently participating in a Houston arbitration.

> The Court also noted that in the Settlement Agreement, EDG assigned to Valero:
>
> any and all of EDG's and/or Encompass's claims, actions or causes of action, and to the extent necessary, any and all rights or benefits of defense, it may have against or with respect to any and all third parties (including, without limitation, claims it may have against any and all of the EDG Subcontractors) arising out of the services rendered and/or the materials delivered in connection with and/or related to the Work Agreement and/or the Project.

Settlement Agreement, Exh. A to ECCO's Supplemental Response [Doc. # 25], ¶ 5. ECCO argues that this assignment deprives EDG of standing to ask this Court to compel ECCO to participate in the Houston arbitration. Under the Federal Arbitration Act, "[a] party aggrieved by the alleged failure . . . or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in

such agreement." 9 U.S.C. § 4. In this case, there is a written Subcontract for arbitration between ECCO and EDG. It is beyond dispute that ECCO has refused to arbitrate under that Subcontract. Consequently, nothing in the assignment precludes EDG from qualifying as a "party aggrieved" for purposes of filing a § 4 motion to compel arbitration.

As EDG correctly argues in its Motion, the scope of the assignment in the Settlement Agreement relates to the merits of EDG's claim against ECCO. Nothing in the assignment provides that EDG transferred its procedural rights, including its right to arbitrate disputes with ECCO under the Subcontract, to Valero. Pursuant to the agreement in the Subcontract between EDG and ECCO to arbitrate their disputes, that issue is subject to arbitration as provided for in the Subcontract.

### III.  CONCLUSION AND ORDER

ECCO entered into a Subcontract with EDG in which it agreed to join its disputes with EDG in the same tribunal and forum as related disputes between EDG and Valero. The Work Agreement between EDG and Valero, which provides for arbitration in Houston, remains valid and enforceable, and it supplies the tribunal and venue for the resolution of disputes between EDG and ECCO. Whether EDG has assigned its claims against ECCO to Valero relates to the merits of EDG's claims

against ECCO. Thje EDG-ECCO dispute is subject to arbitration. Accordingly, it is hereby

**ORDERED** that EDG's Motion for Reconsideration and to Alter or Amend Judgment [Doc. # 35] is **GRANTED**. The Memorandum and Order [Doc. # 31] and the Final Judgment [Doc. # 32] entered September 30, 2005 are **VACATED**. It is further

**ORDERED** that Valero's Motion to Alter and Amend the Judgment and for Reconsideration [Doc. # 33] is **DENIED AS MOOT**.

The Court will issue a separate Final Order.

SIGNED at Houston, Texas this **10th** day of **November, 2005**.

_____
Nancy F. Atlas
United States District Judge