IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENCOMPASS POWER SERVICES, INC., § § | | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-2759 |
| ENGINEERING & CONSTRUCTION COMPANY, INC., *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This action to compel arbitration is before the Court on the Motion to Stay Order and Judgment Pending Appeal [Doc. # 47] filed by Defendant Engineering & Construction Company, Inc. ("ECCO"). The Court has again reviewed the record in this case, as well as the relevant legal authorities. Based on this review, the Court concludes that the Motion to Stay should be **denied**.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this case was set forth fully in the Court's Memorandum and Order denying ECCO's Motion to Dismiss entered September 1, 2005 ("September 1 Opinion") [Doc. # 23], the Memorandum and Order denying Plaintiff Encompass Power Services, Inc.'s Motion to Compel entered September 30, 2005 ("September 30 Opinion") [Doc. # 31], and the Memorandum and Order granting

Plaintiff's Motion for Reconsideration entered November 10, 2005 ("November 10 Opinion") [Doc. # 43]. Generally, Plaintiff and Defendant Valero Refining Company ("Valero") entered into a "Work Agreement" for the construction and installation of Valero's co-generation facility at a refinery in California. Plaintiff subcontracted certain electrical work to ECCO. A dispute arose among the parties regarding the cause of two power outages and a resulting fire at the Valero refinery. Pursuant to the terms of the Work Agreement, Valero and Plaintiff submitted their dispute to arbitration in Houston. *See* Work Agreement, Exh. A to Plaintiff's Response, ¶ 38. Plaintiff moved to join ECCO and the arbitration panel granted that motion. *See* Procedural Order No. 12, Exh. 4 to ECCO's Motion to Dismiss. ECCO objected, Plaintiff filed this lawsuit to compel ECCO to participate in the arbitration, and the Court granted Plaintiff's motion to compel. ECCO filed a Notice of Appeal [Doc. # 46] and asked this Court to stay its order requiring ECCO to participate in the arbitration pending appeal. ECCO's motion has been fully briefed and is ripe for decision.

**II.   ANALYSIS**

ECCO seeks a stay of the Court's order requiring it to participate in the arbitration between Plaintiff and Valero currently scheduled for mid-December. A stay pending appeal is extraordinary relief and should be entered only when four conditions

are met: (1) the movant establishes a likelihood of success on the merits; (2) the movant would suffer irreparable injury if a stay is not granted; (3) a showing that the stay would not substantially harm the other party; and (4) a demonstration that the stay would serve the public interest. *See In re First South Savings Assoc.*, 820 F.2d 700, 704 (5th Cir. 1987); *United States v. Baylor Univ. Medical Center*, 711 F.2d 38, 39 (5th Cir. 1983).

ECCO has failed to show that there is a substantial likelihood that its appeal will be successful.[1] As explained in the Court's September 1 Opinion and November 10 Opinion, ECCO is contractually bound to resolve Plaintiff's claim against it for indemnity and contribution in the same forum and venue as the dispute between Plaintiff and Valero – arbitration in Houston, Texas. As discussed in the prior opinions, ECCO's arguments regarding the lack of personal jurisdiction, contract interpretation, standing, and waiver are without merit. ECCO's new argument, that its due process rights will be violated because it did not participate in the preliminary stages of the arbitration, is similarly without merit. ECCO has known of the arbitration and the

---

[1] If the other three factors weigh heavily in favor of a stay and serious legal questions are involved in the appeal, the Court may issue a stay even in the absence of a likelihood of success on the merits. *See Ruiz v. Estelle (Ruiz II)*, 666 F.2d 854, 856 (5th Cir. 1982) (citing *Ruiz v. Estelle (Ruiz I)*, 650 F.2d 555, 565 (5th Cir. Unit A 1981)). As discussed herein, however, the other factors weigh against staying the order for ECCO to participate in the December 2005 arbitration. As a result, a likelihood of success on the merits remains a prerequisite for a stay pending appeal. *Id.* at 857.

parties' efforts to join ECCO for quite some time and its own decision not to participate does not constitute a due process violation. This is particularly true regarding ECCO's failure to participate in discovery in light of the Court's order entered September 2, 2005 ordering ECCO to participate in discovery. *See* Hearing Minutes and Order [Doc. # 26].

ECCO has failed to demonstrate that it will suffer irreparable harm if the stay is not granted. ECCO is free to present its arguments regarding contribution and indemnity to the arbitrator. If the scheduled arbitration results in an award against ECCO, that award can be challenged in a proceeding to vacate the arbitration award. ECCO argues that it would be forced to incur "the horrible and irretrievable expense in excess of $200,000.00 . . .." *See* Motion to Stay, pp. 5-6. The expense of an inappropriate arbitration does not, however, constitute irreparable harm. *See City of Meridian v. Algernon Blair, Inc.*, 721 F.2d 525, 529 (5th Cir. 1983).

Plaintiff and Valero, however, would suffer substantial hardship if the stay were granted. They would be forced either to cancel their arbitration – which has been pending and scheduled for mid-December for quite some time – until ECCO's appeal is decided, or risk having to repeat the arbitration if ECCO's appeal is unsuccessful. The expense and delay would deprive Plaintiff "of a significant portion of its bargain"

to resolve disputes with ECCO in the same forum and venue as its disputes with Valero. *See id.*

The public interest also favors denying the request for a stay pending appeal. There is a "liberal federal policy favoring arbitration agreements" and "injunctions staying arbitrations are viewed with disfavor." *See id.* at 527, 529.

Each of the four factors to be considered in deciding whether to issue a stay pending appeal weighs against a stay in this case. As a result, the Court exercises its discretion to deny the stay pending appeal.

### III. **CONCLUSION AND ORDER**

ECCO has failed to establish a likelihood of success on the merits of its appeal. ECCO has also failed to establish that it will suffer irreparable harm if the Court's order is not stayed, and granting the stay would cause substantial hardship to Plaintiff and Valero. Accordingly, it is hereby

**ORDERED** that ECCO's Motion to Stay [Doc. # 47] is **DENIED**.

SIGNED at Houston, Texas, this **29th** day of **November, 2005**.

_____
Nancy F. Atlas
United States District Judge